FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 06 2006

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

TODD MONROE                                                              PLAINTIFF

VS.                              CASE NO. 3-06-CV-0033

ARKANSAS STATE UNIVERSITY,
DEPARTMENT OF NURSING;
SUSAN HANRAHAN, DEAN OF COLLEGE
OF NURSING AND HEALTH PROFESSIONALS;
SUE CAMPBELL, PROGRAM DIRECTOR                                           DEFENDANTS

This case assigned to District Judge _____
and to Magistrate Judge _____

## COMPLAINT

Comes now the Plaintiff, Todd Monroe, by and through his attorney, Cathleen V. Compton, and for his Complaint, states:

### Introductory Statement

1. This is an action to redress violations of Plaintiff's due process rights. for an injunction; to award Plaintiff's costs, attorney fees, for breach of Plaintiff's contract with Defendants, Arkansas State University School of Nursing, and any other relief to which he is entitled resulting from the unlawful actions of the named Defendants.

### Jurisdiction

2. The jurisdiction of this Court is invoked under 28 U.S.C. 1343(3) and (4).

3. Venue is proper within this District and Division.

### Parties

4. Plaintiff, Todd Monroe, is a citizen of the United States and at all times relevant, a resident of Monroe County, Arkansas. Plaintiff was a student at Arkansas State University's Nurse Anesthesia Program. Plaintiff was at all times in good standing

academically. In fact, Plaintiff has had above average grades and no disciplinary warnings in his file prior to his dismissal.

5. The Defendant, Arkansas State University, ("ASU") is a state supported institution of higher learning.

6. At all times relevant, Defendant, Susan Hanrahan, Dean of School of Nursing, was a direct decision maker in the dismissal of Plaintiff, Todd Monroe, from the Nurse Anesthesia Program.

7. At all times, Defendant, Sue Campbell, was Director of the School of Nursing/Nurse Anesthesia, and was a direct decision maker in the dismissal of Plaintiff, Todd Monroe, from the program.

8. In Spring of 2003, Plaintiff entered into a contract with ASU Nurse Anesthesia Program to gain the necessary training to become a Licensed Nurse Anesthetist.

9. In consideration for the promise of this education, Plaintiff, Todd Monroe, has borrowed the sum of $114,677.00 to cover all educational expenses while attending the Nurse Anesthesia Program. He borrowed this money from Missouri Higher Education Lending Authority, Federal Perkins Nursing Loan from Arkansas State University, and American Education Services, to whom he now owes $ 202,858.24, and to whom he will pay $202,858.24, with interest continually accruing.

10. During the course of the school year, Plaintiff met every academic requirement and was within **four (4) days** of completion of all his course work to qualify for graduation and the certification examination. He had successfully completed all academic course work, and all but four days of his clinical course work which was done on site at one of several area hospitals used by ASU for the purpose of training

its students.

11. In April of 2005, Plaintiff took a voluntary medical leave of absence to receive treatment for the disease of chemical dependency. He contacted his program director, and, eventually, his Dean, and included them in his decision to take the medical leave of absence, and to maintain contact with them throughout his treatment.

12. Plaintiff, upon the successful completion of his treatment, made several attempts to find out what he needed to do in order to make up the four remaining days of his clinical course work. Neither his program director nor his dean answered his questions for several weeks. Ultimately, Plaintiff requested a meeting with his Dean and Program Director, which did not occur until September of 2005. At that meeting, he was told, for the first time, that he had been dismissed from the program, and had received an "I" or an "incomplete" in the clinical course. Further, he was advised that the "I" would turn into an "F" within a year. When he requested a diploma and to attend the last four days of his clinical course work, he was advised that he could not receive either until his nursing license was "unencumbered". None of this information had been imparted to Plaintiff until September of 2005. No such information is imparted to students such as Plaintiff in the student handbook. No hearing ever occurred, as required by the school's policies.

13. Plaintiff, meanwhile, had entered into a consent agreement with the Arkansas Board of Nursing (BON), which agreement placed him on probation, and set forth several probationary terms with which Plaintiff must comply, in order to maintain his Arkansas nursing license. Plaintiff remains on this probationary status for a period of three years, and has, to date, fully and completely complied with all terms and

conditions of his probation. There is no indication on his license from the BON that Plaintiff's license is "encumbered" or "restricted". Further, there is nothing in his consent order with the Arkansas BON that restricts him from continuing with his clinical studies.

14. Plaintiff, Todd Monroe, never had a hearing, nor any form of due process, while this major property interest of his was affected. Plaintiff has been deprived of the earnings he would receive as a nurse anesthetist, without due process of law.

15. Defendants failed to follow the ASU student handbook in their refusal to allow Plaintiff to complete his course work.

16. By being dismissed before completing the program, Todd Monroe, has suffered actual loss under his contract with ASU School of Nursing. His losses are primarily economic ones: he must continue to pay his student loans, yet has been unfairly deprived of his ability to earn.

17. Plaintiff has a property interest in his nurse anesthetist certification, and has been deprived of that interest by the Defendants.

18. Plaintiff has a property interest in his public education, for which he has paid and/or borrowed money, and has been deprived of that interest by the Defendants.

19. The Defendants have acted arbitrarily and capriciously and without due process of law in depriving Plaintiff of these property interests.

20. The Defendants have breached their contract with the Plaintiff to provide him with completion of the education he paid for, which breach has foreclosed a range of opportunities otherwise available to him.

Prayer for Relief

WHEREFORE, Plaintiff prays for the following relief:

1. That the Court grant Plaintiff a declaratory judgment that the actions of Defendants described herein violated Plaintiff's rights as guaranteed by the Fourteenth Amendment.

2. To award Plaintiff compensatory and punitive damages in an amount that exceeds the minimum amount for federal court jurisdiction.

3. To award Plaintiff specific performance under his contract.

4. To award Plaintiff his costs and reasonable attorneys fees; and

5. To enjoin Defendants from any further constitutional violations.

6. To award Plaintiff such other legal and equitable relief as the Court deems proper and to ensure a complete remedy.

Respectfully submitted,

Cathleen V. Compton, 85031
114 South Pulaski Street
Little Rock, AR 72201
(501) 372-0080
Cathi.compton@swbell.net

## VERIFICATION

STATE OF ARKANSAS            )
                             )  ss.
COUNTY OF _PULASKI_          )

I, Todd Monroe, after first being duly sworn, state on oath that the allegations contained in the foregoing Complaint are true and correct to the best of my knowledge and belief.



TODD MONROE

STATE OF ARKANSAS            )
                             )  ss.
COUNTY OF PULASKI            )

SWORN to before me this _9th_ day of February, 2006.

_____
Notary Public

My Commission Expires:

Vicki Lynne Sello, Notary Public
Perry County, State of Arkansas
My Commission Expires 1/15/2014