IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

TODD MONROE                                                                                    PLAINTIFF

vs.                                         CASE NO. **3:06CV00033 GH**

ARKANSAS STATE UNIVERSITY, ET AL.                                         DEFENDANTS

### **ORDER**

Plaintiff filed this action alleging that defendants violated his rights to due process when they terminated him from the nurse anesthesia program. The Court previously found that genuine issues of material fact existed as to whether plaintiff failed to exhaust his administrative remedies. The Court directed the parties to address the issue of sovereign and qualified immunity.

Defendants Arkansas State University ("ASU"), Susan Hanrahan and Sue Campbell contend that they are entitled to immunity. Hanrahan is the Dean of the School of Nursing and is alleged to be the direct decision maker in the dismissal of plaintiff from the program. Campbell is the Director of the School of Nursing and is also alleged to be a direct decision maker in plaintiff's dismissal from the program.

Suits against the state and state agencies are barred by the Eleventh Amendment. ASU is an extension of the state for Eleventh Amendment purposes. *Dover Elevator Co. v. Arkansas State Univ.*, 64 F. 3d 442, 447 (8th Cir. 1995). Thus, the claim for damages against ASU should be dismissed. To the extent plaintiff seeks prospective injunctive relief, he can proceed with the action against ASU.

Plaintiff sued the individual defendants in their individual capacity. They contend that they are also entitled to sovereign or qualified immunity and that the claims against

-1-

them are barred by state immunity.  Plaintiff counters that they are liable for their actions with regard to plaintiff and can be sued for damages.  "The Eleventh Amendment does not bar compensatory damages or punitive damages against actors sued in their individual capacity."  *Cox v. Univ. of Arkansas*, 2006 WL 1185380, *5  (E. D. Ark. 2006).

To establish that they are entitled to qualified immunity, defendants must establish that there is a violation of a clearly established constitutional right.  Here, plaintiff asserts that he is entitled to due process with regard to his termination.  Defendants contend that the refusal to allow plaintiff to re-enroll in an academic program for which he was not eligible is not a violation of a constitutional right.  The due process right arises from plaintiff's right to notice and hearing prior to the termination not to his right to re-enroll in the program.

Plaintiff enrolled in the Nurse Anesthesia program in the spring of 2003.  During the spring semester of 2005, plaintiff took a voluntary medical leave of absence to receive treatment for chemical dependency.   He had only four days to complete his clinical course work  requirement.   He contacted the individual defendants about his decision to take the leave of absence.   He contends that he repeatedly  asked the defendants what he needed to do to make up his four remaining days of clinical course work. He states that he did not know that he would be given an "Incomplete" for the course work.  He states he first learned of his dismissal, and his "incomplete" on September 20, 2005.

Defendants have not addressed whether plaintiff has a property interest in his participation in the nurse anesthesia program.  Without a property interest, plaintiff would not have a due process violation claim. *See Dover Elevator Co. v. Arkansas State Univ*., 64 F. 3d 442, 445 (8th Cir. 1995).  Assuming that plaintiff does have a property interest in participation in the nurse anesthesia program, then his right to participate cannot be terminated without due process. The Court finds, based on the affidavits,  that there are facts in dispute as to whether defendants denied plaintiff's right to procedural due

process.   Thus, the Court finds that defendants are not entitled to qualified immunity.

Defendants further state that they are entitled to immunity pursuant to Ark. Code Ann. §19-10-306(a) (" Officers and employees of the State of Arkansas are immune from liability and from suit, except to the extent that they may be covered by liability insurance, for damages for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment.")

"When a state indemnification statute covers an official's actions which are the basis of the lawsuit, Arkansas is the real party and can assert state immunity. In Arkansas there is an exception for malicious acts or omissions, however.  To prove malice a plaintiff must present evidence that the state official had an 'an intent and disposition to do a wrongful act greatly injurious to another ⋯ a conscious violation of the law⋯'  *Okruhlik v. Univ. of Arkansas,*  255 F.3d 615, 627 (8th Cir. 2001)(citations omitted).

Here, plaintiff alleges that defendants consciously disregarded his due process rights, failing to give him notice of the incomplete, and failing to respond to his inquiries. The Court is persuaded that plaintiff has sufficiently pled malice.  Thus, the Court finds that the individual defendants are not entitled to state immunity.

In sum, the Court finds that the motions to dismiss are granted in part and denied in part.  The claim against Arkansas State University for monetary damages is dismissed; in all other respects the motions to dismiss are denied.

Plaintiff has filed a motion for leave to file a supplemental pleading to assert occurrences which have happened since the filing of his amended complaint. Defendants object, stating that plaintiff wishes to assert a claim concerning the conversion of his grade from an incomplete to a failing grade and notice to him that he is not eligible to continue in the nurse anesthesia program.  Defendants assert *inter alia* that they  will need to file an appropriate response including a request for a stay of proceedings to allow plaintiff to exhaust his administrative remedies.

Plaintiff will be granted leave to file a supplemental complaint.  Defendants shall have eleven days after being served to respond to the supplemental complaint.

Accordingly, the motions to dismiss (doc. nos. 2, 8, 22) are granted in part and denied in part.  The motion for leave to file a supplemental pleading (doc. no. 25) is granted.

IT IS SO ORDERED this 25th day of September, 2006.

_____
UNITED STATES DISTRICT JUDGE